This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**No. A-1-CA-38999**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.

**RUTILLIO AGUIRRE,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF CHAVES COUNTY**
**Dustin K. Hunter, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Santa Fe, NM
Steven J. Forsberg, Assistant Appellate Defender
Albuquerque, NM

for Appellant

**MEMORANDUM OPINION**

**HANISEE, Chief Judge.**

**{1}** Defendant appeals from his convictions, following a jury trial, for two counts of criminal sexual contact of a minor (second degree) (under 13) (unclothed). We entered a notice of proposed disposition, proposing to affirm. Defendant filed a memorandum in opposition to that notice, which we have duly considered. Unpersuaded, we affirm.

**{2}** On appeal, Defendant contends that (A) it was ineffective assistance for counsel not to file a motion to sever the counts, and (B) the testimony of some witnesses were not credible, based on his assertion that the witnesses had discussed the allegations

with each other prior to trial, and that the evidence was thus insufficient. Our notice of proposed disposition proposed to affirm, as (A) it appeared most evidence likely would have been cross-admissible, any motion to sever would have been unsuccessful, and therefore Defendant had not demonstrated a prima facie case of ineffective assistance of counsel, and (B) we will not reweigh evidence or assess witnesses' credibility on appeal. [CN 4-5]

{3}     In his memorandum in opposition, as to issue (A), Defendant continues to assert, without explanation or identification of any particular facts or evidence in his case, that evidence would not have been cross-admissible, and thus failure to file a motion to sever was ineffective assistance. [MIO 1] We remain unpersuaded that Defendant has demonstrated a prima facie case of ineffective assistance of counsel. *See State v. Mondragon*, 1988-NMCA-027, ¶ 10, 107 N.M. 421, 759 P.2d 1003 (stating that "[a] party responding to a summary calendar notice must come forward and specifically point out errors of law and fact[,]" and the repetition of earlier arguments does not fulfill this requirement), *superseded by statute on other grounds as stated in State v. Harris*, 2013-NMCA-031, ¶ 3, 297 P.3d 374. We also reiterate that, "[i]f facts necessary to a full determination are not part of the record, an ineffective assistance claim is more properly brought through a habeas corpus petition[.]" *State v. Crocco*, 2014-NMSC-016, ¶ 14, 327 P.3d 1068.

{4}     As to Defendant's issue (B), in his memorandum in opposition he continues to assert only "that the fact that the witnesses discussed the allegations amongst themselves before testifying rendered them so un-credible that there was insufficient evidence to support a conviction." [MIO 2] We remain unpersuaded that Defendant has demonstrated error as to this issue. *See State v. Rojo*, 1999-NMSC-001, ¶ 19, 126 N.M. 438, 971 P.2d 829 (holding that the fact-finder "is free to reject [the d]efendant's version of events"); *State v. Salas*, 1999-NMCA-099, ¶ 13, 127 N.M. 686, 986 P.2d 482 (recognizing that it is for the fact-finder to resolve any conflict in the testimony of the witnesses and to determine where the weight and credibility lie); *State v. Mora*, 1997-NMSC-060, ¶ 27, 124 N.M. 346, 950 P.2d 789 (holding that "[t]he reviewing court does not weigh the evidence or substitute its judgment for that of the fact[-]finder as long as there is sufficient evidence to support the verdict"); *Mondragon*, 1988-NMCA-027, ¶ 10.

{5}     Accordingly, and for the reasons stated in our notice of proposed disposition, we affirm.

{6}     **IT IS SO ORDERED.**

**J. MILES HANISEE, Chief Judge**

**WE CONCUR:**

**JENNIFER L. ATTREP, Judge**

**MEGAN P. DUFFY, Judge**